*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0146p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

RICHARD COOEY, et al.,

*Plaintiffs,*

JAMES J. FILIAGGI,

*Proposed Intervenor-Appellant,*

*v.*

TED STRICKLAND, Governor, REGINALD
WILKINSON, Director, TERRY COLLINS, Director,
EDWARD VOORHIES, Warden, JAMES HAVILAND,
Warden,

*Defendants-Appellees.*

No. 07-3488

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 04-01156—Gregory L. Frost, District Judge.

Decided and Filed: April 23, 2007

Before: BATCHELDER, COLE, and GIBBONS, Circuit Judges.

_____

## OPINION

_____

ALICE M. BATCHELDER, Circuit Judge. Ohio inmate James J. Filiaggi is scheduled to be executed on Tuesday, April 24, 2007. On Thursday, April 19, 2007, Filiaggi filed a motion to intervene in Richard Cooey's civil suit challenging Ohio's lethal injection protocol. On Friday, April 20, 2007, Filiaggi filed an emergency motion for a preliminary injunction, or an order under the All Writs Act, 28 U.S.C. § 165l(a), staying his execution. On Monday, April 23, 2007, the district court denied Filiaggi's motion to intervene and denied as moot his motion for injunctive relief. Filiaggi immediately filed both a notice of appeal from the district court's order and an emergency motion for stay of execution to permit him to pursue that appeal.

Filiaggi seeks an order from this Court staying his execution so that he may continue his quest to intervene in *Cooey v. Strickland*, 479 F.3d 412 (6th Cir. 2007), by appealing the district court's order denying his motion to intervene in that case. "[A] stay of execution is an equitable remedy. It is not available as a matter of right, and equity must be sensitive to the State's strong interest in enforcing its criminal judgments without undue interference from the federal courts." *Hill v. McDonough*, 126 S. Ct. 2096, 2104 (2006). "[T]he Supreme Court [has] stated that 'method-of-execution' challenges should be 'brought at such a time as to allow consideration of the merits, without requiring the entry of a stay.'" *Cooey*, 479 F.3d at 421 (quoting *Nelson v. Campbell*,

541 U.S. 637, 650 (U.S. 2004)).  Moreover, the Supreme Court recently concluded that "[f]iling an action that can proceed under § 1983 does not entitle the complainant to an order staying an execution as a matter of course."  *Hill*, 126 S. Ct. at 2104.

The district court denied Filiaggi's motion to intervene because it found that Filiaggi has not – and Filiaggi concedes that he has not – exhausted his administrative remedies as is required under the Prison Litigation Reform Act ("PLRA"),  42 U.S.C. § 1997e(a); that failure to exhaust is not excused by Cooey's having exhausted his own administrative remedies; that Filiaggi's attempt to intervene is untimely as a matter of law; and because Filiaggi's motion to intervene in this § 1983 action must therefore be denied, the court had no basis upon which to stay the execution.

We have carefully reviewed the law and the facts underlying Filiaggi's motion to intervene and for a stay of execution, the district court's Opinion and Order denying the motion, and the briefs of Filiaggi and the State with regard to Filiaggi's Emergency Motion.  We conclude that, for the reasons stated by the district court, Filiaggi has not demonstrated any likelihood that he could succeed on the merits of his motion to intervene.  Further, we conclude that because Filiaggi has not demonstrated a likelihood of success with regard to his attempt to intervene, and in light of the State's strong interest in proceeding with its judgment and the patent untimeliness of Filiaggi's motion, he has not demonstrated any basis upon which this court should exercise its equitable power to stay his execution.  *See Nelson v. Campbell*, 541 U.S. 637, 649-50 (2004).

Accordingly, the Emergency Motion for Stay of Execution is **DENIED**.